UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE MCRUNELS,

        Petitioner,               Case Number: 2:20-CV-12313
                                                      HONORABLE NANCY G. EDMUNDS

v.

SHANE JACKSON,

        Respondent.
                                        /

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Andre McRunels, currently in the custody of the Michigan Department of Corrections, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his first-degree criminal sexual conduct conviction, Mich. Comp. Laws § 750.520b(1)(c), for which he is serving a sentences of 10 to 15 years' imprisonment. He raises six claims for relief. For the reasons explained below, the Court denies the petition.

**I. Background**

Petitioner's conviction arises from the sexual assault of L.W. On October 8, 2015, L.W. was at a bus stop in Detroit when Petitioner grabbed her, pulled her behind a building, and then into his car. He then drove her to an abandoned home. During the preliminary examination, L.W. testified that Petitioner sexually assaulted her multiple times.

Petitioner was charged as a fourth habitual offender in Wayne County Circuit Court with one count of kidnapping and four counts of first-degree criminal sexual conduct. On July 25, 2016, Petitioner pleaded no contest to one count of first-degree criminal sexual conduct pursuant to a plea agreement that called for the dismissal of the remaining charges and the fourth-habitual offender enhancement and included a sentence agreement of ten to fifteen years. (*See* Plea Hr'g Tr. ECF No. 10-8.) On August 9, 2016, Petitioner was sentenced to the agreed upon term of ten to fifteen years' imprisonment. (*See* Sent. Tr. ECF No. 10-9.)

On February 6, 2017, Petitioner filed a motion to withdraw his guilty plea and to amend the scoring of the sentencing guidelines. The trial court denied the motion to withdraw the plea, granted Petitioner's motion to amend Offense Variables 11, 12, and 13, and denied Petitioner's motion to amend Offense Variable 10. (*See* Mot. Tr. ECF No. 10-10, 10-11.)

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising two claims: (i) he was coerced into pleading guilty because his attorney was not acting in his best interest and coached him to accept the plea offer; and (ii) Offense Variable 10 was incorrectly scored. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. McRunels*, No. 339353 (Mich. Ct. App. Oct. 18, 2017). The Michigan Supreme court also denied leave to appeal. *People v. McRunels*, 501 Mich. 1082 (Mich. May 29, 2018).

After completing direct state court review, Petitioner returned to the trial court to

file a motion for relief from judgment. He raised these claims: (i) he is actually innocent; (ii) his plea was coerced by prosecutor's illusory and unfulfilled promise to dismiss kidnapping charge; (iii) a dismissed kidnapping charge could not form for the basis for his plea; (iv) ineffective assistance of counsel rendered his plea involuntary; and (v) he received ineffective assistance of appellate counsel. The trial court denied the motion. *See* 3/11/2019 Op. & Ord., *People v. McRunels*, No. 16-001659 (ECF No. 10-13). The Michigan Court of Appeals denied Petitioner's application to appeal the trial court's decision, *People v. McRunels*, No. 349417 (Mich. Ct. App. July 29, 2019), as did the Michigan Supreme Court. *People v. McRunels*, 505 Mich. 976 (Mich. Feb. 4, 2020).

Petitioner then filed this habeas corpus petition, raising these claims:

I. Petitioner's state and federal constitutional rights were violated when he was coerced into taking a plea because his attorney was not acting in his best interest and coached him to take a plea.

II. Petitioner should be allowed to withdraw his plea, in the interest of justice, because he is actually innocent of the crime for which he pleaded no contest, and he had a valid defense to the charge.

III. Petitioner's no contest plea was coerced and involuntary because it was induced by the prosecutor's illusory and unfulfilled promise to dismiss the kidnapping charge.

IV. The trial court abused its discretion by accepting Petitioner's plea to an inaccurate charge of first degree criminal sexual conduct, and by allowing the prosecution to rely on a dismissed kidnapping charge as the factual basis for Petitioner's plea.

V. Petitioner has the right to withdraw his no contest plea, where ineffective assistance of trial counsel rendered his plea involuntary.

VI. Petitioner was denied his Sixth Amendment right to effective

3

> assistance of appellate counsel, when appellate counsel neglected to raise significant and obvious issues in the trial court and court of appeals.

Respondent has filed an answer in opposition and the relevant state court records and transcripts. Petitioner has filed a reply brief.

## II. Standard of Review

A state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

The focus of this standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Additionally, a state court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III.  Discussion

#### A. Voluntariness of Plea

Petitioner's first five claims relate to the voluntariness of his plea.  To be valid, a guilty plea must be voluntarily and intelligently made.  *Brady v. United States*, 397 U.S. 742, 748-49 (1970).  The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences."  *Id.* at 748.  The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it."  *Id.* at 749.  A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent.  *Id.* at 755, 757.

Ineffective assistance of counsel may render a plea of guilty involuntary.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  To show that counsel performed ineffectively, Petitioner must establish that (1) counsel performed deficiently and (2) there is a reasonable probability that, absent counsel's error, he would not have pleaded guilty and would have proceeded to trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hill*, 474 U.S. at 58.

    1.    **Ineffective Assistance of Counsel**

Petitioner argues in his first and fifth claim that his plea was rendered involuntary because defense counsel was ineffective in several respects.  Petitioner presented

ineffective assistance of counsel claims in a motion to withdraw plea filed in the trial court. The trial court rejected Petitioner's claims that counsel coerced him into pleading guilty and failed to file motions and advance arguments as requested by Petitioner. The trial court reasoned, in relevant part:

> Here, the record does not support the defendant's claim that counsel refused to assist him, essentially coercing him into taking a plea.
>
> When the defendant tendered his plea, he testified, under oath, that he understood all the terms and conditions of his plea, and that he understood he had a right to a trial that he was waiving.
>
> He also testified that counsel answered all of his questions, to his satisfaction.
>
> And, most significantly, he testified that he had not threatened, in any way, to enter a plea, and was doing so on his own accord.
>
> Moreover, defendant's assertion that he was coerced into taking a plea because of – his counsel was unwilling to help him advance his position at trial, is not borne out by the record.
>
> On the date of trial, counsel indicated that he was ready to proceed with trial, and that he met with defendant many times, including on the eve of trial.
>
> Prior to trial, counsel subpoenaed documents supporting defendant's alibi claims, and filed the necessary notice of alibi defense, listing alibi witnesses.
>
> He made efforts to, on the record, to ensure that certain witnesses would be available for, for trial.
>
> He sought and obtained a D.N.A. expert to analyze the D.N.A. ...reports in this case.
>
> He also filed preliminary motions regarding the preliminary exam, and arrest in this matter.

> \* \* \*
>
> He asserts that counsel failed to interview Billie McKnight, but does not show what information would or could have been gleaned from this interview.
>
> He asserts that counsel erred in failing to obtain victim's cell phone records, which he speculates might have shown she was in a different location.
>
> \* \* \*
>
> Defendant's speculative and unsupported claims do not demonstrate that his plea was involuntary.

(ECF No. 10, PageID.621-25.)

Petitioner later filed a motion for relief from judgment in the trial court arguing that counsel was ineffective because he negotiated and advised Petitioner to accept an illusory plea bargain. Specifically, Petitioner maintained that he was unaware that the factual basis for his first-degree criminal sexual conduct conviction would require an admission that a kidnapping occurred. He argued that this rendered his plea bargain illusory because the plea bargain required the prosecutor to dismiss the separate kidnapping charge.[1] Petitioner also argued that his plea was involuntary because he had a valid defense to the charges.

The state court denied the motion for relief from judgment and held that defense counsel was not ineffective. *See* Op. & Order Den. Mot. for Relief from J., *People v.*

---

[1] The record shows that the separate kidnapping charge was dismissed in accordance with the plea agreement. *See* 7/25/2016 Dkt. Entry, Register of Actions, No. 16-001659-01 (ECF No. 10-1, PageID.423).

*McRunels*, No. 16-001659-01 (Wayne Cnty. Cir. Ct. March 11, 2019) (ECF No. 1, PageID.89-92). The court noted that Petitioner stated on the record that he was entering a plea on his own accord, that he had not been promised anything beyond what had been placed on the record and that he had not been threatened in any way. (*Id.* at 91.) Further, the court noted that the prosecutor clearly stated on the record that kidnapping was being used as the underlying felony for first-degree criminal sexual conduct (during a felony) and that Petitioner did not object at the plea hearing, sentencing, or post-trial motion to withdraw plea. (*Id.*) The court also held that Petitioner's claim that he had a valid defense to the charges did not render his plea unknowing or involuntary. (*Id.*)

Petitioner fails to show that the state court's decisions denying his multiple ineffective assistance of counsel and related involuntary plea claims were contrary to, or an unreasonable application of, Supreme Court precedent. First, a trial court's proper plea colloquy generally cures any misunderstandings a defendant may have had about the consequences of his plea. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999). Petitioner is bound by the statements that he made at the plea hearing, and his allegations cannot be given precedence over his on-the-record sworn statements to the contrary. *Id.* at 566. Here, the plea colloquy was proper, clear and thorough. Petitioner's plea would not be rendered involuntary if, as Petitioner alleges, counsel advised Petitioner that his defense was not believable. Counsel does not act ineffectively in evaluating a defendant's chances of acquittal if he proceeds to trial. Even if defense counsel made an "erroneous strategic prediction" concerning the likely outcome of the trial, this is not, by

8

itself, proof of deficiency.  *Lafler v. Cooper*, 566 U.S. 156, 174 (2012).

Additionally, the favorable plea bargain that Petitioner received weighs against a finding that counsel was prejudiced by any alleged error. *Plumaj v. Booker*, 629 Fed. App'x 662, 667-68 (6th Cir. 2015) (the court may consider the relative benefits of a plea agreement to assess counsel's performance).  Petitioner was originally charged with four counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(c), one count of kidnapping, Mich. Comp. Laws § 750.349(1)(c), and being a fourth habitual offender.  Mich. Comp.. Laws § 769.12.  Petitioner's minimum sentence as a fourth-habitual offender would have been twenty-five years, and the maximum sentence for first-degree criminal sexual conduct and kidnapping is life in prison.  Accepting the plea offer eliminated the potential for consecutive terms for each count, which the statute authorizes for multiple convictions.  *See* Mich. Comp. Laws § 750.520b(3).  The plea agreement also provided for the dismissal of the fourth habitual offender charge.  Clearly Petitioner received substantial benefit from the plea bargain.

Petitioner's claim that he was unaware that his plea would require lifetime electronic monitoring is clearly contradicted in the record.  (*See* ECF No. 10-8, PageID.581.)  And, finally, Petitioner's argument that he had a substantial defense to the charges does not impact the voluntariness of his plea.  Instead, it is one factor to be considered before entering a plea.  Criminal defendants often decide to plead guilty based upon the strength of the case against them and the likelihood of conviction.  A plea is not rendered involuntary simply because a defendant may have had a viable defense to the

charges. Habeas relief will be denied.

### 2. Illusory Plea Claim

In his third and fourth claims, Petitioner argues that his plea was involuntary because it was coerced by the prosecutor's illusory promise to dismiss the kidnapping charge and that the trial court abused its discretion by allowing the prosecution to rely on the dismissed kidnapping charge as the factual basis for his plea. "If a prosecutor's promise is illusory, then a plea is involuntary and unknowing." *Spikes v. Mackie*, 541 Fed. App'x 637, 645 (6th Cir. 2013) (citing *United States v. Randolph*, 230 F.3d 243, 250-51 (6th Cir.2000)). Here, Petitioner received the (substantial) bargained-for benefits: the prosecutor dismissed three counts of first-degree criminal sexual conduct and one count of kidnapping; he avoided possibility of a life sentence and the possibility of consecutive sentences. Because he received the bargained-for benefits, the plea was not illusory. *See McAdoo v. Elo*, 365 F.3d 487, 498 (6th Cir.2004) (holding that where a defendant receives the "bargained-for benefit" the plea is not illusory and he is not entitled to habeas relief).

Petitioner also fails to show that the trial court abused its discretion by accepting his plea to first-degree criminal sexual conduct when the kidnapping charge had been dismissed. During the plea hearing, it was made clear that the felony underlying the sexual assault charge was the kidnapping and Petitioner did not object to its use. Further, Petitioner cites no clearly-established Federal law prohibiting the use of a separately dismissed felony charge in this way and the Court is aware of none. Petitioner disagrees

with the state court's denial of this claim, but he does not cite any authority establishing that it is contrary to, or an unreasonable application of, the Supreme Court's determination of federal law, as required to obtain relief under AEDPA. 28 U.S.C. § 2254(d)(1). Habeas relief is denied.

### B. Actual Innocence

Petitioner's claim that he is innocent also does not render his plea involuntary or require that he be permitted to withdraw his plea. The United States Supreme Court has explicitly held that a criminal defendant may constitutionally enter a guilty plea even while protesting his innocence or declining to admit his commission of the crime. *North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970). Moreover, a credible actual-innocence claim must be supported with "new reliable evidence," such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner's actual-innocence claim is not based on any new evidence. Habeas relief is denied on this claim.

### C. Ineffective Assistance of Appellate Counsel

Petitioner claims that appellate counsel was ineffective because he failed to raise the claims raised in his motion for relief from judgment on direct appeal.

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). The Supreme Court held that a petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal.

*Jones v. Barnes*, 463 U.S. 745, 754 (1983). The Court further stated:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754. "[T]here can be no constitutional deficiency in appellate counsel's failure to raise meritless issues." *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999). None of the claims Petitioner argues his appellate attorney should have raised on appeal has been shown to have merit. Therefore, counsel was not ineffective in failing to raise them.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The Court concludes that reasonable jurists would not debate the Court's disposition of the claims raised in this petition. Thus, the Court denies a COA.

## V. Conclusion

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus and a

12

certificate of appealability are **DENIED**.

It is further **ORDERED** that Petitioner is granted leave to proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. See Fed. R. App. P. 24(a).

s/ Nancy G. Edmunds  
NANCY G. EDMUNDS  
UNITED STATES DISTRICT JUDGE

Dated: November 8, 2021